1  GARTH M. DROZIN (Cal.Bar #130120)
   **SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP**
2  2535 Townsgate Road, Suite 307
   Westlake Village, California 91361
3  Telephone: (805) 497-7706
   Facsimile: (805) 497-1147

5  Attorneys for Defendant **LE BOOK PUBLISHING, INC.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

| | |
|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LE BOOK PUBLISHING, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: CV 13-9349 AGR<br><br>**ANSWER OF DEFENDANT LE BOOK PUBLISHING, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**<br><br>Trial date: None |

TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW defendant LE BOOK PUBLISHING, INC., a New York corporation ("LBP"), for itself alone, (collectively "Defendant"), and in Answer to the unverified Complaint ("CP") of plaintiff PLAYBOY ENTERPRISES INTERNATIONAL, INC., enumerated paragraph by paragraph, as follows.

1.  Defendant LBP has insufficient information on which to admit or deny the allegations in this paragraph, which is a legal contention and foundation paragraph, and so, on that basis of lack of information, is unable to admit or deny the whole of this paragraph.

2.  Defendant LBP has insufficient information on which to admit or deny the allegations in this sentence, and so, on that basis of lack of information, denies the whole of this sentence and paragraph.

3.  Defendant LBP denies the allegations in this paragraph, as phrased, both on knowledge of the subject matter of most of the sentences therein, and on information and belief.

H:\P21-1355\PLEADINGS\ANStoCP.wpd

**DEFENDANT LBP'S ANSWER TO COMPLAINT**

4. Defendant LBP denies the prolix and numerous allegations in this paragraph.

5. Defendant LBP has insufficient information on which to admit or deny the allegations in this paragraph, which is a legal contention and foundation paragraph, and so, on that basis of lack of information, is unable to admit or deny the whole of this paragraph.

6. Admit.

7. Objection: Compound; lacks foundation; calls for speculation. Defendant LBP has insufficient information on which to admit or deny the allegations in this paragraph, and so, on that basis of lack of information, is unable to admit or deny the whole of this paragraph.

8. Objection: Compound; lacks foundation; calls for speculation. Defendant LBP has insufficient information on which to admit or deny the allegations in this paragraph, and so, on that basis of lack of information, is unable to admit or deny the whole of this paragraph.

9. Objection: Compound; lacks foundation; calls for speculation. Defendant LBP has insufficient information on which to admit or deny the allegations in this paragraph, and so, on that basis of lack of information, is unable to admit or deny the whole of this paragraph.

10. Objection: Compound; argumentative; calls for speculation; irrelevant as to 2010 references which do not exist today. Without waiving said objections, and subject thereto, defendant LBP is unable to admit or deny the allegations in this paragraph, as the source of their reference in quotations is not divulged in the CP. Defendant is not allowed to guess at where the quotes came from, if anywhere.

11. Objection: Compound; argumentative; calls for speculation. Without waiving said objections, and subject thereto, defendant LBP is unable to admit or deny the allegations in this paragraph, as the source of their reference in quotations is not divulged in the CP. Defendant is not allowed to guess at where the quotes came from, if anywhere

12. Deny.

13. Objection: Compound; argumentative. Without waiving said objections, and subject thereto, defendant LBP denies any "high resolution" copying, as alleged in this paragraph.

14. Objection: Compound; argumentative; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies any "high resolution" copying, as alleged in this paragraph, and LBP has committed no infringement on

plaintiff's alleged copyright..

15. Objection: Compound; argumentative; lacks foundation; calls for speculation, as to plaintiff's alleged copyright of photos; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies the substance alleged in this paragraph, and that any copyright infringement has taken place.

16. Objection: Compound; argumentative; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies any wanton or wilful disregard of plaintiff's rights, whatever they may be, and that Playboy is unaware of how long its own photos were utilized, with Playboy's tacit permission, before the instant lawsuit was filed.

17. As set forth above, defendant LBP denies the sum of the allegations in this paragraph.

18. Objection: Compound; argumentative; lacks foundation. Without waiving said objections, and subject thereto, defendant LBP has insufficient information on which to admit or deny this paragraph.

19. Objection: Compound; argumentative; lacks foundation; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies the several allegations in this paragraph.

20. Objection: Compound; argumentative; lacks foundation; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies the several allegations in this paragraph.

21. Objection: Compound; argumentative; lacks foundation; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies the several allegations in this paragraph.

22. Deny.

23. Objection: Compound; argumentative; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies the allegations in this paragraph.

24. Objection: Compound; argumentative; lacks foundation; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP

denies the several allegations in this paragraph.

25. Objection: Compound; argumentative; lacks foundation; vague and ambiguous (no date, person, or location of any act is alleged). Without waiving said objections, and subject thereto, defendant LBP denies the several allegations in this paragraph.

Responding defendant LBP further asserts the following affirmative defenses to the CP allegations.

### AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

#### (Failure to State a Claim for Relief)

All purported claims in the Complaint, and each and every allegation contained therein, fail to state facts sufficient to constitute a claim upon which relief can be granted against this responding defendant.

### AS AND FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

#### (Dishonest Conduct)

Plaintiff is barred from the recovery sought in the Complaint based upon the dishonest and/or fraudulent conduct of the Plaintiff and/or its employees, and their unclean hands.

### AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

#### (Laches)

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim and prayer for Relief in the Complaint against this responding defendant, plaintiff's Complaint is barred by the doctrine of laches.

### AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

#### (Waiver)

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim and prayer for Relief in said Complaint against this responding defendant, Plaintiff is barred by the doctrine of waiver.

### AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

**DEFENDANT ALLEGES:**

**(Estoppel)**

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim and prayer for Relief in said Complaint against this responding defendant, Plaintiff is barred by the doctrine of estoppel

**AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

**(Mitigation of Damages)**

With respect to each alleged cause of action, defendant LBP is informed and believes and thereupon alleges that Plaintiff has failed to fulfill its duty to mitigate any damages caused by any violations of duty or law which might be found as against defendant LBP.

**AS AND FOR AN SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

**DEFENDANT ALLEGES:**

**(Allocation of Fault to Third Persons)**

If it should be found that this responding defendant is in any manner legally responsible for any damages sustained by Plaintiff, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then any such damages found to have been incurred or suffered by the Plaintiff in this action were proximately contributed to by other persons or entities; therefore, it is necessary that the proportionate degree of fault of each such person or entity be determined and prorated so that responding defendant pay only that amount of damages which were caused by the acts or omissions of responding defendant, if any.

**AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Lack of Subject Matter Jurisdiction)**

The Court lacks the requisite subject matter jurisdiction over the subject matter of this action.

**AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(First Amendment)**

Plaintiff's claims and/or remedies sought in the Complaint are barred, not actionable, or subject to

dismissal, according to the First Amendment to the United States Constitution and all appellate opinions annotated thereunder or based thereon.

## AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES:
### (Copyright Statute of Limitations)

Some or all of Plaintiff's claims and/or remedies sought are barred, not actionable or subject to dismissal because Defendant LBP's alleged use or permission for use of the images and magazine content that are allegedly the subject of Plaintiff's copyright infringement claims is subject to one or more of the limitations of 17 U.S.C. section 106 set forth in 17 U.S.C. sections 107-122.

## AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES:
### (Bar by Statutory Requirements)

Some or all of Plaintiff's claims are barred, not actionable or subject to dismissal because Plaintiff lack valid copyright registrations for the alleged copyrights in suit asserted, or have not properly or timely registered the subject disputed copyright material and/or have failed to comply with notice, renewal and registration requirements, and other required procedures including without any limitation the requirements set forth in 17 U.S.C. sections 410 and 412.

## AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES:
### (Failure of Performance of Conditions)

At all times mentioned in the Complaint on file herein, and as to each and every Claim for Relief and prayer therein, Plaintiff has failed to perform all duties and obligations on its part of any agreement with this responding defendant, which duties and obligations operated as a contingency and condition for performance of any obligations on the part of defendant LBP, and such failure bars plaintiff's recovery herein.

## AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES:

**(Forfeiture or Abandonment)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because some or all of the copyrights on which Plaintiffs rely have been forfeited or abandoned, if ever valid.

**AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Not Original Works)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because some or all of the works, and/or portions of same, to which Plaintiffs claim copyrights are not original.

**AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Public Domain)**

Some or all of Plaintiff's claims are barred, not actionable or subject to dismissal, because some or all of the works, and/or portions of same, to which Plaintiff claims copyrights are in the public domain.

**AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Merger Doctrine)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because some or all of the works, and/or portions of same, to which Plaintiff claims copyrights are barred by the merger doctrine.

**AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Unprotectable Ideas and Works)**

Some or all of Plaintiff's claims are barred, not actionable or subject to dismissal because some or all of the works, and/or portions of same, to which Plaintiff claims copyrights constitute unprotectable ideas, procedures, processes, systems, methods of operation, concepts, principles and/or discoveries.

**AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Scenes a Faire)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal because some or all of the works, and/or portions of same, to which Plaintiff claims copyrights constitute scenes a faire.

**AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Improper Joinder)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because the Complaint improperly joins different defendants and/or plaintiffs and/or fails to join necessary defendants and/or plaintiffs.

**AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Plaintiff's Copyright Misuse)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because Plaintiff has engaged in copyright misuse with respect thereto.

**AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(Authorization)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because Plaintiff authorized, impliedly or explicitly, Defendant LBP's allegedly wrongful use of the copyright works in issue.

**AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**

**DEFENDANT ALLEGES:**

**(License)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because Defendant LBP has a license entitling it to copy, display, duplicate, publish and/or otherwise use the disputed photos, magazine text, and/or layout.

///

///

### AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

**(Plaintiff's Failure to Comply With Copyright Law)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because Plaintiff's alleged copyright registrations that were allegedly wrongfully used by LBP are invalid for Plaintiff's failure to timely and properly comply with the requirements for copyrightable subject matter pursuant to 17 U.S.C. section 102.

### AS AND FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

**(Plaintiff Does Not Own Copyrights)**

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because Plaintiff does not own or hold the copyrights to the disputed photos and/or article text on which Plaintiff has premised its Complaint.

### AS AND FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

**(Plaintiff's Failure to Timely Register Copyrights)**

Some or all of Plaintiff's copyright Claims for Relief, claims for statutory damages, attorney fees and/or other relief are barred, not actionable or subject to dismissal because some, if not all, of Plaintiff's copyright registrations which form the basis of Plaintiff's copyright infringement claims were not made within three months after first publication of the allegedly infringing works, as required by 17 U.S.C. 412.

### AS AND FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

**(Fair Use Doctrine)**

Some or all of Plaintiff's claims are barred, not actionable or subject to dismissal, pursuant to the doctrine of "fair use," including, but not limited to, Title 17 U.S.C. section 107.

### AS AND FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

#### DEFENDANT ALLEGES:
#### (Plaintiff's Failure to Timely Register Copyrights)

Some or all of Plaintiff's copyright claims, claims for statutory damages, attorney fees and/or other relief are barred, not actionable or subject to dismissal, because some, if not all, of Plaintiff's copyright registrations which form the basis of Plaintiff's copyright infringement claims were not made before or within five years after first publication of the respective works, as required by 17 U.S.C. 410.

#### AS AND FOR A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE
#### DEFENDANT ALLEGES:
#### (Illusory, Non-quantified Damages)

Some or all of Plaintiff's claims and prayers are barred, not actionable or subject to dismissal, because Plaintiff's alleged damages, which have not been quantified anywhere in the Complaint, are illusory, unaccounted-for, not actually incurred by the named plaintiff, and not capable of being generated in the future as a result of any alleged act or omission in the Complaint.

#### AS AND FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE
#### DEFENDANT ALLEGES:
#### (Adequate Remedy at Law)

Plaintiff is not entitled to injunctive or declaratory relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law available to it through its ongoing lawsuit.

#### AS AND FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE
#### DEFENDANT ALLEGES:
#### (Acquiescence)

At all times and places herein mentioned in the Complaint, and with respect to each and Claim for Relief in said Complaint against this responding defendant, Plaintiff is barred by the doctrine of acquiescence.

#### AS AND FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE
#### DEFENDANT ALLEGES:
#### (Lack of Standing to Sue)

H:\P21-1355\PLEADINGS\ANStoCP.wpd

DEFENDANT LBP'S ANSWER TO COMPLAINT

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim for Relief in said Complaint against this responding defendant, Plaintiff is barred from any recovery because Plaintiff, by its own allegations, lacks the necessary standing to sue defendant LBP and to recover any judgment therefrom.

## AS AND FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

### (*De Minimus* Copyright Infringement)

At all times and places herein mentioned in the Complaint, and with respect to each and every claim and prayer of said Complaint against this responding defendant, Plaintiff is barred from any recovery because any such alleged infringement of any copyright was *de minimus* and thus non actionable.

## AS AND FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

### (Licensed Use per Statute)

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim for Relief in said Complaint against this responding defendant, Plaintiff's claims for copyright infringement are statutorily barred, including under the provisions of 17 U.S.C. § 109(a), as Defendant were licensed, and any copies alleged to be infringing were therefore lawfully made and used.

## AS AND FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

### (Insufficient Copyright Infringement)

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim for Relief in said Complaint against this responding defendant, Plaintiff's claims fail because Plaintiff lacked sufficient ownership or entitlement to use or retention of the allegedly copyrighted materials to be allowed by statutory or appellate laws to sue thereon.

## AS AND FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

### (Failure to Apprise of Copyrighted Works and Wrongful Acts)

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim for Relief in said Complaint against this responding defendant, Plaintiff's claims fail because plaintiff has failed to formally apprise Defendant LBP of which plaintiff inherited any right to use or domain of any photos or texts, which specific photos or texts were purportedly used and permitted for use, unlawfully or improperly, by defendants, and when any such use or permission for use was engaged in by any defendant, such that further affirmative defenses could be set forth, and defenses prepared, depriving defendant LBP of its minimal rights of due process and effective assistance of counsel guaranteed thereto under the Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES:
### (Statutes of Limitation)

At all times and places herein mentioned in the Complaint, and with respect to each and every Claim for Relief in said Complaint against this responding defendant, Plaintiff's claims are barred because plaintiff filed its initial Complaint after expiration of the limitation periods set forth in the applicable statutes of limitation.

## AS AND FOR A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE
## DEFENDANT ALLEGES:
### (Right to Assert Further Affirmative Defenses)

Defendant LBP asserts the right to later raise other affirmative defenses to the allegations of the Complaint or any subsequent iteration of the Plaintiff's allegations herein, as they become ascertained, under Rule 8(c) of the Federal Rules of Civil Procedure.

**WHEREFORE**, these responding defendants pray that:

1. The Court dismiss the subject Complaint for lack of subject matter jurisdiction, lack of standing to sue, statute of limitations bar, and failure to state a claim upon which relief can be granted;
2. The Court deny plaintiff's claim for injunctive or declaratory relief;
3. Plaintiff recover nothing by its pleading, *i.e.*, the Complaint;
4. The Court declare that plaintiff does not own the copyrights to those works and photos ultimately identified by plaintiff as those upon which the instant lawsuit was filed;

5. Plaintiff be enjoined from filing other lawsuits based on the same materials and law identified in the instant lawsuit, as against this defendant,

6. The litigation fees and costs eventually incurred by LBP to defend itself from plaintiff's allegations, including reasonable attorney and expert witness fees, be recovered by LBP as against Plaintiff pursuant to 17 U.S.C. section 505, California Code of Civil Procedure section 425.16, and/or any other statutory or appellate law vehicle for recovery of such fees and costs; and

7. For such other and further relief to defendant LBP as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**DEFENDANT LE BOOK PUBLISHING, INC. HEREBY DEMANDS A JURY TRIAL ON THIS LAWSUIT.**

Dated: January 24, 2014         SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP

By: _____
GARTH M. DROZIN
Attorney for Defendant **LE BOOK PUBLISHING, INC.**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 2535 Townsgate Road, Suite 307, Westlake Village, California 91361.

On **January 31, 2014,** I served the foregoing document(s) described as **ANSWER OF DEFENDANT LE BOOK PUBLISHING, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT WITH AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true and correct copy thereof, enclosed in sealed envelopes, and caused to be delivered to the addressees, as follows:

Peter R. Afrasiabi
ONE LLP
4000 MacArthur Blvd.
East Tower, Ste. 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Fax: (949) 258-5081

__XX__  (MAIL)
By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with the business' practice for collection and processing of correspondence for mailing. Under that practice, the document(s) would be deposited with the United States Postal Service on the same day, with first class postage thereon fully prepaid at Westlake Village, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____  (CERTIFIED MAIL - RETURN RECEIPT REQUESTED)
I placed such envelope(s) with first-class postage thereon, fully prepaid, including the additional postage needed for Certified Mail, Return Receipt Requested, and with the proper United States Post Office forms for Certified Mail, Return Receipt Requested affixed thereon, in the United States mail at 2535 Townsgate Road, Suite 307, Westlake Village, California 91361.

_____  (NORCO OVERNITE)
I placed such envelope(s), with fees fully prepaid for next business day delivery, in a Norco Overnite box located in Westlake Village, California, that is regularly maintained by Norco Overnite and has a daily weekday pick-up schedule.

_____  (FEDERAL EXPRESS)
I placed such envelope(s), with fees fully prepaid for next day delivery, in a Federal Express box located in Westlake Village, California that is regularly maintained by Federal Express and has a daily pick-up schedule.

_____  (U.S. Postal Service - EXPRESS MAIL)
I caused such envelope(s) to be delivered, with fees fully prepaid for next business day delivery, to an Express Mail box located at the U.S. Post Office in Thousand Oaks, California, that is regularly maintained by the U.S. Postal Service and has a daily weekday pick-up schedule.

PROOF OF SERVICE

H:\P21-1355\Proof of Service.wpd

|   |   |
|---|---|
| ____ | (VIA FACSIMILE)<br>I caused such documents to be faxed from a facsimile transmission machine whose telephone number is (805) 497-1147 to the above-identified recipient and fax telephone number as shown. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. CCP §1010.6. |
| ____ | (VIA E-MAIL)<br>Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents to be e-mailed to each of the aforementioned electronic mail addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. C.C.P. §1010.6. |
| ____ | (PERSONAL SERVICE)<br>I caused such documents to be personally delivered to the addressee at the referenced address shown above. |
| ____ | STATE<br>I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. |
| XX | FEDERAL<br>I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

EXECUTED this 31st day of January, 2014, at Westlake Village, California.

_____
Linda Abernethy